UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN V. KLAT,<br><br>                                    Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, a Municipal Corporation; COUNTY OF SAN DIEGO, a Governmental Entity; COUNTY OF SAN DIEGO BOARD OF SUPERVISORS, a Public Entity/Legislative Governing Body for the County of San Diego; TERRA LAWSON-REMER, an individual; JIM DESMOND, an individual; JOEL ANDERSON, an individual; NORA VARGAS, an individual; MONICA MONTGOMERY-STEPPE, an individual; HEATHER FERBERT, an individual; SUMMER STEPHAN, an individual; ANGELA D. CAESAR, an individual; AMIR H. ALI, an individual; JAMES E. BOASBERG, an individual, and DOES 1-100, Inclusive,<br><br>                                    Defendants. | Case No.:  26-CV-1293 TWR (DEB)<br><br>**ORDER DISMISSING ACTION FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>(ECF No. 1) |

Presently before the Court are pro se Plaintiff Susan V. Klat's Complaint ("Compl." ECF No. 1), which alleges causes of action under 42 U.S.C. §§ 1983, 1985, and 1986, and

1

Plaintiff's Response ("Resp.," ECF No. 10) to this Court's Order to Show Cause Why Action Should Not be Dismissed for Lack of Subject Matter Jurisdiction ("OSC," ECF No. 5).  Plaintiff sues the following entities: the City of San Diego, the County of San Diego, the San Diego Board of Supervisors (as an entity and the individuals on the board), San Diego City Attorney Heather Ferbert, San Diego County District Attorney Summer Stephan, United States District Court of the District of Columbia ("District of D.C.") Judge Amir H. Ali, District of D.C. Chief Judge James E. Boasberg, and District of D.C. Clerk of Court Angela D. Caesar.  (*See generally* Compl.)  Plaintiff alleges she has suffered "discrimination and injustice" as a pro se plaintiff based on "recent media reports of county-sanctioned 'settlements' made with attorney partnerships . . . highlighting discrimination against pro se parties when accessing the courts." (*Id.* at 2.)  Plaintiff specifically alleges that Defendants conspired to obstruct and impede her as a pro se party, discriminated against her as a pro se party, obstructed her access to due process and the equal protection of law, and were negligent in failing to prevent interference with her right to access judicial review in federal court.[1]  (*See generally id.*)  Plaintiff seeks $25 million in damages as well as punitive damages.  (*See id.* at 16.)

---

[1]  As explained in the Court's Order to Show Cause, the instant action trails six other lawsuits Plaintiff has filed related to the death of her grandson.  (*See* ECF No. 3 ("Plaintiff's Notice of Related Cases").)  Four of the cases were filed and dismissed in this District and two of the cases were filed and dismissed in the District of Columbia.  (*See id.*; *see also* Compl. ¶¶ 17–24.)  Plaintiff's most recent case, filed in the District of Columbia on January 21, 2026, was dismissed sua sponte by District Judge Amir H. Ali for lack of subject-matter jurisdiction on February 10, 2026, because—among other reasons—the complaint did not provide any plausible theory for a violation of Plaintiff's constitutional rights.  *See* Docket in *Klat v. Caesar et al.*, No. 1:26-cv-00192-AHA (D.D.C. filed Jan. 21, 2026).  Plaintiff's other case filed in the District of Columbia was also dismissed sua sponte by District Judge Amir H. Ali for lack of subject-matter jurisdiction because the judges, prosecutors, and clerks of the court named as defendants were entitled to immunity from suit and Plaintiff had failed to provide any plausible theory for violation of her constitutional rights.  *See* MEMORANDUM OPINION, *Klat v. Bondi et al.*, No. 1:25-cv-04509-AHA (D.D.C. filed Jan. 16, 2026), ECF No. 6.

As for Plaintiff's cases in the Southern District of California, most recently Plaintiff's wrongful death suit was dismissed for lack of subject-matter jurisdiction on October 29, 2025.  *See* Order Of Dismissal Without Prejudice, *Klat v. City of San Diego et al.*, No. 3:25-cv-01161-RSH-VET (S.D. Cal. filed May 7, 2025), ECF No. 32.  Plaintiff appears to believe this order was made "using clerk-generated orders . . . employed by the City and County of San Diego's legal staff."  (Compl. ¶ 21.)  Before that,

26-CV-1293 TWR (DEB)

As the Court previously explained in its Order to Show Cause, (*see* OSC at 3–4), "[f]ederal courts are courts of limited jurisdiction.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "[T]his court has an independent obligation to address *sua sponte* whether [it] ha[s] subject matter jurisdiction." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) (citing *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999)).  And "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

"A patently insubstantial complaint may be dismissed . . . for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  This is because, under the substantiality doctrine, "the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider." *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985).  A case is too insubstantial to consider when it is "so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits." *Id.* (citing *Oneida Indian Nation v. Cnty. of Oneida*, 414 U.S. 661, 666 (1974)).  Because Plaintiff is proceeding pro se, the Court

---

Plaintiff filed the following three suits: (1) a suit seeking public records (the "Public Records Case"), which was dismissed sua sponte for lacking subject-matter jurisdiction, *see* ORDER: 1. Sua Sponte Dismissing the case for Lack of Subject Matter Jurisdiction Without Prejudice, and 2. Denying Defendants Motion to Dismiss Pursuant to Rule 12(B)(6), *Klat v. Wahl et al.*, No. 3:24-cv-01474-BAS-AHG (S.D. Cal. filed Aug. 20, 2024), ECF No. 8; (2) a suit challenging the dismissal in *Klat v. Wahl et al.*, which was dismissed for failure to state a claim and failure to respond to the Court's order, *see* ORDER Granting Motion to Dismiss for Failure to State a Claim and ORDER DISMISSING CASE, *Klat v. Morrill et al.*, No. 3:25-cv-00241-WQH-BJW (S.D. Cal. filed Feb. 3, 2025), ECF Nos. 16, 17, respectively; and (3) a suit challenging double charging pro se plaintiffs in San Diego Superior Court, which was dismissed for failure to file a first amended complaint, *see* ORDER DISMISSING CASE, *Klat v. Roddy et al.*, No. 3:25-cv-00065-WQH-BJW (S.D. Cal. filed Jan. 13, 2025), ECF No. 10.

construes her pleading liberally and affords her the benefit of any doubt. *See United States v. Qazi*, 975 F.3d 989, 992–93 (9th Cir. 2020). But even "[u]nder the liberal rules applicable to pro se complaints, an action is frivolous if the plaintiff cannot make a rational argument on the law and facts in support of their claim." *Murray v. Gomez*, No. CV 24-03333 PHX CDB, 2024 WL 5395647, at *2 (D. Ariz. Dec. 5, 2024) (citing *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882 (9th Cir. 1991)), *report and recommendation adopted*, 2025 WL 416881 (D. Ariz. Feb. 6, 2025).

In her Response, Plaintiff argues that her Complaint is well-pleaded and "includes key, time-stamped receipts documenting unchecked abuse of authority used to wrongly justify a judicial decision to treat the plaintiff differently from a licensed attorney." (Resp. at 2.) She also notes that the "*well-pleaded complaint rule [is] identified throughout the pleading.*[]" (*Id.* at 3 (emphasis in original).) Plaintiff's Response references evidence including "officer body camera footage," "[m]ortuary records," a "death certificate," and the deceased's "civil rights lawsuit." (*Id.*) Further, addressing her previous Public Records Case, Plaintiff explains that post-dismissal, the San Diego County District Attorney's Office forwarded "roughly 240 pages of largely redacted material" in response to Plaintiff's records request. (*Id.*) Plaintiff also, for the first time, argues that she is bringing a *Bivens* action, seeking damages "related to the concealment, targeting, and killing of the plaintiff's 25-year-old grandson, who unknowingly became a victim in an unresolved retaliatory vendetta stemming from a lawsuit filed in 1996 involving the Chief Justice of the U.S. Supreme Court." (*Id.* at 5.)

Ultimately, Plaintiff's Response fails to establish that the Court has subject-matter jurisdiction. First, Plaintiff fails to address why the Court has jurisdiction over any of the Defendants with immunity from suit in her Response. (*See generally* Resp.; *see also* OSC at 4–5.) Further, Plaintiff does not address the Court's concern that Plaintiffs claims are implausible. (*See id.*; *see also* OSC at 5–6.) Instead, Plaintiff continues to conclusorily allege an expansive conspiracy theory without providing any specific facts rendering her claims plausible. While Plaintiff's Response points to facts relating to her grandson's

26-CV-1293 TWR (DEB)

death, (*see* Resp. at 3), these facts in no way support Plaintiff's allegations of a conspiracy between Defendants to discriminate against her as a pro se party. Further, Plaintiff's allegation that her grandson's death was based on a "vendetta stemming from a lawsuit filed in 1996 involving the Chief Justice of the U.S. Supreme Court," (Resp. at 5), is not mentioned in her Complaint and is similarly implausible and lacking any factual basis for a supposed vendetta. Because Plaintiff's Complaint is implausible, the Court lacks subject-matter jurisdiction over it. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006) ("[A] claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is . . . 'wholly insubstantial and frivolous.'" (citations omitted)); *Knight v. Brnovich*, No. CV-25-00565-PHX-JCH, 2025 WL 798663, at *2 (D. Ariz. Feb. 26, 2025) (dismissing the plaintiff's case sua sponte when the plaintiff's allegations predicated on a wide-ranging conspiracy were frivolous and wholly unsupported by plausible facts); *Frost v. Off. of Att'y Gen.*, No. C 17-04983 JSW, 2018 WL 6704137, at *1 (N.D. Cal. Dec. 20, 2018) (dismissing case and finding that, even when construed liberally, the pro se plaintiff's allegations "indicate more fantastical thinking than a legitimate basis for legal relief"); *Tr. v. Am. Honda Fin. Corp.*, No. 2:16-CV-1237-ODW-SS, 2016 WL 756461, at *2 (C.D. Cal. Feb. 25, 2016) (dismissing complaint for lack of subject matter jurisdiction when the plaintiff failed to allege any facts in support of his argument that the defendants had violated the Federal Debt Collection Practices Act).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

26-CV-1293 TWR (DEB)

Accordingly, for the reasons explained in the Court's Order to Show Cause (ECF No. 5) and this Order, the Court **DISMISSES WITHOUT PREJUDICE** but **WITHOUT LEAVE TO AMEND** Plaintiff's action for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).[2]

**IT IS SO ORDERED.**

Dated:  April 3, 2026

Honorable Todd W. Robinson
United States District Judge

---

[2]    Plaintiff states she "_will_ continue to file lawsuits in this Courthouse against the same individuals, public entities, and officials—both personally and in their official capacities—until clarity and accountability are achieved."  (Resp. at 3 (emphasis in original); _see also id._ at 5 ("[T]he complaints _will_ persist until accountability is recognized, bad decisions are reversed, or the bad seeds making these prejudicial decisions are replaced." (emphasis in original)); _see also id._ at 6 ("[T]he history documented in the six dismissed complaints should send authorities the message that the plaintiff will continue filing complaints until this matter is acknowledged by the judiciary or the current, not-so-ethical decision-making process is revised or replaced.").

Because Plaintiff states she will continue filing duplicative lawsuits, the Court cautions Plaintiff about the potential sanctions that could result from such filings.  Sanctions are appropriate under Rule 11 where a party files a pleading, motion, or other paper "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Rule 11 sanctions for filing harassing complaints can be applied to pro se litigants.  _See, e.g., McMahon v. Pier 39 Ltd. P'ship_, No. C03-00251 CRB, 2003 WL 22939233, *6 (N.D. Cal. Dec. 5, 2003); _Portnoy v. Veolia Transp. Servs., Inc._, No. 2:13-CV-00043-MCE-EF, 2014 WL 3689366, at *6 (E.D. Cal. July 24, 2014).  "[D]uplicative filings against the same defendants on similar issues . . . constitute harassment under Rule 11." _McMahon_, 2003 WL 22939233 at *6.  While the Court does not find that Rule 11 sanctions are proper at this time, the Court explicitly warns Plaintiff that if she continues to file duplicative lawsuits against the same individuals, public entities, and officials, she could subject herself to Rule 11 sanctions in the future.

26-CV-1293 TWR (DEB)